IN RE the TERMINATION OF PARENTAL RIGHTS TO
CORDELL J. B., a person under the age of 18:

HEATHER B., Petitioner-Respondent,

v.

JENNIFER B., Respondent-Appellant.

Court of Appeals

*No. 2010AP2528. Submitted on Briefs December 14, 2010.
—Decided January 20, 2011.*

2011 WI App 26

(Also reported in 794 N.W.2d 800.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Martha K. Askins*, assistant state public defender of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Michael J. Briggs* of *Briggs Law Firm*, Oregon.

Before Vergeront, P.J., Lundsten and Higginbotham, JJ.

¶ 1. LUNDSTEN, J.[1] Jennifer B. appeals an order of the circuit court terminating her parental rights to her child, Cordell J.B. Jennifer's parental rights were terminated under a three-month abandonment provision in Wis. Stat. § 48.415(1)(a)2. This particular abandonment ground is triggered by a CHIPS order that removes the child from the parent's home and provides notice of applicable termination grounds. Jennifer argues that the three-month abandonment ground is inapplicable to her because, here, the CHIPS order placing Cordell outside her home was terminated prior to the running of the three months of abandonment.

¶ 2. We agree with Jennifer. Although other abandonment provisions are available without respect to the existence or duration of a CHIPS order, we conclude that the three-month abandonment provision requires that the three-month abandonment period fall within the duration of the CHIPS-based placement of the child outside the parent's home. Accordingly, we reverse.

### Background

¶ 3. In December 2008, the Douglas County Circuit Court found that Jennifer B.'s son, Cordell, was in need of protection or services. The court issued a CHIPS order that removed Cordell from Jennifer's home in Douglas County. The order placed Cordell in the Dane County home of his father and stepmother, Heather B. Consistent with Wis. Stat. § 48.415(1)(a)2. and 48.356(2), the order included a warning that Jennifer was subject to termination based on abandonment.

---

[1] This case was converted from a one-judge appeal to a three-judge appeal pursuant to Wis. Stat. § 809.41(3) (2007–08). All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

¶ 4. While the CHIPS order was in effect, a hearing was held in a separate Douglas County family court proceeding involving a dispute between Jennifer and Cordell's father over custody and placement of Cordell. The record in this case contains scant information about that separate proceeding. What we do know is that the judge in the separate proceeding issued an order in January 2009 directing that the father have primary placement of Cordell, who, by this time, was already placed with the father under the CHIPS order.

¶ 5. On March 6, 2009, about two months later, the circuit court in Douglas County that issued the CHIPS order terminated that order. It appears that, in light of the separate family court placement, the court reasoned that the CHIPS action and order were no longer needed.

¶ 6. In June 2009, Cordell's stepmother Heather petitioned the Dane County Circuit Court to terminate Jennifer's parental rights. Heather (hereinafter "the petitioner") cited the three-month abandonment ground under WIS. STAT. § 48.415(1)(a)2. The alleged three-month period of abandonment began on February 21, 2009, and ended in June 2009.[2] Thus, the alleged abandonment period commenced about two weeks before the CHIPS order placing Cordell outside Jennifer's home was terminated.

¶ 7. After a bench trial, the court found that the three-month ground for abandonment was proven and that Jennifer was unfit. The court subsequently found

---

[2] The petition for termination referred to a three-month period beginning January 2, 2009. On appeal, the petitioner also points to this January start date. At trial, however, the petitioner pointed to, and the circuit court relied on, the three-month period beginning February 21, 2009.

that termination was in Cordell's best interests and terminated Jennifer's parental rights. Jennifer appeals.

## *Statutes Involved*

¶ 8. Wisconsin Stat. § 48.415(1)(a) lists the following five abandonment grounds:

(a) Abandonment, which, subject to par. (c), shall be established by proving any of the following:

1. That the child has been left without provision for the child's care or support, the petitioner has investigated the circumstances surrounding the matter and for 60 days the petitioner has been unable to find either parent.

1m. That the child has been left by the parent without provision for the child's care or support in a place or manner that exposes the child to substantial risk of great bodily harm, as defined in s. 939.22(14), or death.

1r. That a court of competent jurisdiction has found under s. 48.13(2) or under a law of any other state or a federal law that is comparable to s. 48.13(2) that the child was abandoned when the child was under one year of age or has found that the parent abandoned the child when the child was under one year of age in violation of s. 948.20 or in violation of the law of any other state or federal law, if that violation would be a violation of s. 948.20 if committed in this state.

2. That the child has been placed, or continued in a placement, outside the parent's home by a court order containing the notice required by s. 48.356(2) or 938.356(2) and the parent has failed to visit or communicate with the child for a period of 3 months or longer.

3. The child has been left by the parent with any person, the parent knows or could discover the where-

abouts of the child and the parent has failed to visit or communicate with the child for a period of 6 months or longer.

Pertinent here, § 48.415(1)(a)2. cross-references Wis. Stat. §§ 48.356 and 938.356, which provide:

**48.356 Duty of court to warn. (1)** Whenever the court orders a child to be placed outside his or her home, orders an expectant mother of an unborn child to be placed outside of her home or denies a parent visitation because the child or unborn child has been adjudged to be in need of protection or services under s. 48.345, 48.347, 48.357, 48.363 or 48.365, the court shall orally inform the parent or parents who appear in court or the expectant mother who appears in court of any grounds for termination of parental rights under s. 48.415 which may be applicable and of the conditions necessary for the child or expectant mother to be returned to the home or for the parent to be granted visitation.

**(2)** In addition to the notice required under sub. (1), any written order which places a child or an expectant mother outside the home or denies visitation under sub. (1) shall notify the parent or parents. or expectant mother of the information specified under sub. (1).

**938.356 Duty of court to warn. (1)** ORAL WARNING. Whenever the court orders a juvenile to be placed outside his or her home or denies a parent visitation because the juvenile has been adjudged to be in need of protection or services under s. 938.345, 938.357, 938.363 or 938.365, the court shall orally inform the parent or parents who appear in court of any grounds for termination of parental rights under s. 48.415 which may be applicable and of the conditions necessary for the juvenile to be returned to the home or for the parent to be granted visitation.

671

**(2)** WRITTEN WARNING. In addition to the notice required under sub. (1), any written order which places a juvenile outside the home or denies visitation under sub. (1) shall notify the parent or parents of the information specified under sub. (1).

## *Discussion*

¶ 9. The abandonment ground at issue here, WIS. STAT. § 48.415(1)(a)2., has two requirements:

- "the child has been placed, or continued in a placement, outside the parent's home by a court order containing the notice required by s. 48.356(2) or 938.356(2)" and

- "the parent has failed to visit or communicate with the child for a period of 3 months or longer."

Jennifer does not dispute that the second requirement was met—that is, that the evidence was sufficient to support the circuit court's finding that Jennifer failed to visit or communicate with Cordell for a three-month period.

¶ 10. Jennifer argues, however, that the first requirement was not met. She contends that where, as here, the child was placed outside the parent's home under the authority of a CHIPS order, WIS. STAT. § 48.415(1)(a)2. requires that the three-month abandonment period fall within the duration of the CHIPS-based placement. She contends that, because the CHIPS order placing Cordell outside her home was terminated two weeks into the three-month abandonment period, the first requirement of § 48.415(1)(a)2. was not met here. We agree.

¶ 11. This case presents an issue of statutory interpretation. We apply the following principles:

672

The interpretation and application of a statute to a set of facts is a question of law that we review *de novo. See Wood v. City of Madison,* 2003 WI 24, ¶ 11, 260 Wis. 2d 71, 659 N.W.2d 31. We give statutory language its common, ordinary, and accepted meaning, except that technical or specially defined words or phrases are given their technical or special definitional meaning. *State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We must construe a statute in the context in which it is used, not in isolation but as part of a whole, in relation to the language of surrounding or closely related statutes, and reasonably, to avoid absurd or unreasonable results. *Id.,* ¶ 46 . . . . When a statute is unambiguous, we need not look to extrinsic sources, such as legislative history. *Id.,* ¶ 46. Rather, we apply the statute according to its plain meaning. *Id.*

*Donaldson v. Town of Spring Valley,* 2008 WI App 61, ¶ 6, 311 Wis. 2d 223, 750 N.W.2d 506.

¶ 12. We begin our analysis by briefly describing the relevant statutory provisions.

¶ 13. Under Wis. Stat. § 48.415(1)(a)2., abandonment requires proof that "the child has been placed, or continued in a placement, outside the parent's home by a court order containing the notice required by s. 48.356(2) or 938.356(2)." The reference to Wis. Stat. § 48.356(2) is to CHIPS orders, and the reference to Wis. Stat. § 938.356(2) is to orders under Chapter 938 that place a juvenile outside the home. Both types of orders must "inform the parent or parents . . . of any grounds for termination of parental rights under s. 48.415 which may be applicable." Wis. Stat. §§ 48.356(2) and 938.356(2). Because the case before us involves a CHIPS proceeding, and for ease of discussion, we focus our attention on CHIPS orders. But our analysis would be the same if the underlying placement was authorized by Chapter 938.

¶ 14. The issue here is whether the placement-with-notice requirement in WIS. STAT. § 48.415(1)(a)2. was satisfied. The petitioner contends that the notice in the CHIPS order—that Jennifer risked termination of her parental rights for abandonment—was statutorily sufficient. That is, the petitioner's view is that this notice informed Jennifer that if, at *any* time, she "failed to visit or communicate with [Cordell] for a period of 3 months or longer," abandonment could provide a ground for terminating her parental rights.[3] This reading of the statute has some common-sense appeal, at least when applied to abandonment periods that closely correspond in time with the duration of a CHIPS-based placement. But a closer look at the statutory scheme reveals that the legislature's intent is otherwise: that the three-month abandonment period needs to fall fully within the duration of the CHIPS-based placement. We reach this conclusion for the following three reasons.

¶ 15. First, a contrary reading would render the requirement that notice be contained *in a CHIPS order removing the child from the parent's home* meaningless. Under the petitioner's construction, there is no point to the requirement that the notice be in this particular type of order because a petitioner need not prove any relationship between the abandonment period and the CHIPS placement. Instead, all that matters is that the order contained notice of grounds for termination and that there is proof of a three-month period of abandonment. It is true that the petitioner's reading would still require that notice appear in an out-of-home placement order, but that placement might have occurred and

---

[3] This tracks the circuit court's reasoning that notice is all that matters and that, "even if a case or order ends, any notice within it is not undone."

ended years earlier and, for that matter, might have been for a very short duration.

¶ 16. Second, we observe that there are five abandonment grounds, but only WIS. STAT. § 48.415(1)(a)2. requires proof of a placement outside the home. In particular, there is a six-month abandonment ground, § 48.415(1)(a)3., that, like the three-month ground, requires proof that the "parent has failed to visit or communicate with the child." Viewed in this context, the three-month ground is effectively an exception to the more general requirement of six months of abandonment.[4] Comparing the six-month and three-month provisions, it is apparent that the legislature viewed the three-month provision as a special scenario justifying a shorter abandonment period. That special circumstance is that the child is placed outside the parent's home under a CHIPS order. Where there is an active CHIPS order, it is a given that the child has been facing some kind of peril, and a shorter abandonment period is therefore appropriate and in the child's best interests. On the other hand, when a CHIPS order has been terminated or been allowed to lapse, it is reasonable to assume that the parental situation has changed and the

---

[4] The six-month ground applies when the child, by court order or otherwise, resides apart from the parent whose rights are at stake. *See* WIS. STAT. § 48.415(1)(a)3.; *Rhonda R.D. v. Franklin R.D.*, 191 Wis. 2d 680, 706–07, 530 N.W.2d 34 (Ct. App. 1995) (stating that § 48.415(1)(a)3. applies "both to those situations where the parent actively places the child with another person and to those situations where the parent does not do so," including where a child's placement is the result of a court order). In contrast, the remaining three abandonment grounds are directed at exceptional circumstances—for example, where a child is left without provision for the child's care or support. *See* § 48.415(1)(a)1., 1m., and 1r.

reason for the shorter abandonment period is no longer present. At this point, the statutory scheme reverts to the more general six-month abandonment requirement.

¶ 17. A third reason is closely related to the first two. Under the petitioner's reading, notice in a CHIPS order would be deemed sufficient to give notice not only years later, but also without regard to intervening events. We do not believe that a reasonable person would think that the notice he or she received in the course of a CHIPS proceeding retained its force after the CHIPS proceeding was resolved and without regard to how the CHIPS proceeding was resolved.

¶ 18. Accordingly, we conclude that the only reasonable reading of Wis. Stat. § 48.415(1)(a)2. is that the three-month abandonment provision requires that the three-month abandonment period fall within the duration of the CHIPS-based placement of the child outside the parent's home.

¶ 19. Here, the abandonment period did not fully fall within the CHIPS-based placement period. Rather, about ten weeks of the abandonment period ran after the CHIPS-based placement ended. Thus, Wis. Stat. § 48.415(1)(a)2. does not provide grounds for termination.

¶ 20. In closing, we note that the cases the petitioner relies on do not address the questions presented here. For example, the petitioner cites *Rock County Department of Social Services v. K.K.*, 162 Wis. 2d 431, 469 N.W.2d 881 (Ct. App. 1991), but *K.K.* addressed a different question—that is, whether Wis. Stat. § 48.415(1)(a)2. notice is satisfied where there is an initial CHIPS order containing notice and then subse-

quent CHIPS revision and extension orders that do not contain notice, all in the context of an abandonment period that fully coincided with a CHIPS-based placement. *See id.* at 434–37, 439–41 (concluding that notice was satisfied in those circumstances). *K.K.*, however, did not address the situation that we have here where the CHIPS-based placement ended prior to the running of the abandonment period.

### *Conclusion*

¶ 21. For the reasons stated, we reverse the circuit court's order terminating Jennifer B.'s parental rights to Cordell J.B.

*By the Court.*—Order reversed.